IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIER LEIVA,

       Plaintiff,                 No. 2:13-cv-0309 KJN P

  vs.

VALLEJO POLICE DEPARTMENT,

       Defendants.         <u>ORDER</u>

_____/

      Plaintiff is presently housed at the Solano County Jail.  On April 1, 2013, plaintiff filed a motion for extension of time in which to file a tort claim.  Plaintiff seeks an extension, claiming that he was misinformed that the deadline to file a tort claim was six months after the incident, when the deadline is really one year.  Plaintiff provided a copy of a form entitled "Government Tort Claim," which provides information on filing a tort form, including notice that the deadline is six months from the date of the incident.  (Dkt. No. 10 at 2.)

      Under the California Tort Claims Act ("Act"), set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for acting on the claim expired.  The Act requires that a tort claim against a

1

1  public entity or its employees be presented to the Board, formerly known as the State Board of

2  Control, no more than six months after the cause of action accrues.  Cal. Gov't Code § 911.2.

3          As explained above, plaintiff had six months from the date of the incident in

4  which to file a tort claim.  If plaintiff seeks to file a late tort claim, he must seek permission from

5  the Board.  This court does not have jurisdiction over the Board and does not have the authority

6  to grant plaintiff an extension of time in which to submit his tort claim.  Rather, as explained in

7  the document provided to plaintiff (dkt. no. 10 at 2), the Board has a procedure for obtaining

8  permission to file a late claim.  Any request for extension of time to file a tort claim must be filed

9  directly with the Board.

10          It appears that plaintiff was out of custody when the court issued its March 19,

11  2013 order, and plaintiff recently filed a change of address.  The Clerk is directed to re-serve a

12  copy of the March 19, 2013 and April 1, 2013 orders to plaintiff at his current address, 2500

13  Claybank Road, Fairfield, CA  94533.  Plaintiff is granted twenty-one days from the date of this

14  order in which to file an amended civil rights complaint.

15          Accordingly, IT IS HEREBY ORDERED that:

16          1.  Plaintiff's April 1, 2013 motion (dkt. no. 10) is denied;

17          2.  The Clerk of the Court is directed to re-serve a copy of the March 19, 2013 and

18  April 1, 2013 orders (dkt. nos. 6, 8) at plaintiff's current address, 2500 Claybank Road, Fairfield,

19  CA  94533; and

20          3.  Plaintiff is granted twenty-one days from the date of this order in which to file

21  an amended civil rights complaint.

22  DATED:  April 10, 2013

23

24

25  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

26  leiv0309.36b