1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAVIER LEIVA,

11           Plaintiff,                      No. 2:13-cv-0309 KJN P

12        vs.

13   VALLEJO POLICE DEPARTMENT,

14           Defendants.                     ORDER TO SHOW CAUSE

15   _____/

16           Plaintiff is presently housed at the Solano County Jail.  By order filed April 11,

17   2013, plaintiff was granted 21 days in which to file an amended civil rights complaint.  On April

18   15, 2013, plaintiff again filed a Government Tort Claim Form.  (Dkt. No. 13.)  Plaintiff stated

19   that he previously sent the tort claim form to the Vallejo Police department, but that another

20   prisoner told him he should serve the tort claim to the court and the court would file the tort

21   claim for plaintiff.  (Dkt. No. 13 at 3.)  Plaintiff then stated that the instructions for the tort claim

22   informed plaintiff that he must wait up to 45 days for the agency to reject or settle the claim

23   before plaintiff could file a complaint, and thus asked to postpone the deadlines set in this action.

24   (Dkt. No. 13 at 4.)  An attorney who assisted plaintiff with completing the complaint form and

25   other documents required in this action asked plaintiff whether he had exhausted his

26   administrative remedies, and plaintiff told him no, that plaintiff did not know "what they were."

1

1    (Dkt. No. 13 at 4.)  Plaintiff requested that the court grant plaintiff an opportunity to file a tort

2    claim with the Vallejo Police department, and to receive their reply, and thus postpone the prior

3    deadlines set by the court.  (Dkt No. 13 at 6.)

4            The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e

5    to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

6    § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

7    facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

8    Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S.

9    516, 524 (2002).  Exhaustion is a prerequisite for all prisoner suits regarding conditions of

10   confinement, whether they involve general circumstances or particular episodes, and whether

11   they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.  A prisoner is required

12   to exhaust administrative remedies for claims contained within a complaint before the complaint

13   is filed.  Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010).  Compliance with this

14   requirement is not achieved by satisfying the exhaustion requirement during the course of an

15   action.  See McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002) (district court required to dismiss

16   action without prejudice where plaintiff was in process of exhausting administrative remedies

17   when motion to dismiss filed).  However, new claims based on conduct which occurs after the

18   filing of an original complaint may be raised in an amended pleading if the administrative

19   exhaustion requirement is satisfied prior to the time the amended pleading is filed.  See Rhodes,

20   621 F.3d at 1004-05 (PLRA exhaustion is satisfied if prisoner properly exhausted administrative

21   remedies as to newly-raised claims before amended complaint tendered to federal court).

22           Exhaustion of all "available" remedies is mandatory; those remedies need not

23   meet federal standards, nor must they be "plain, speedy and effective."  Porter, 534 U.S. at 524;

24   Booth v. Churner, 532 U.S. 731, 740 n.5 (2001) (Congress mandated the exhaustion of

25   administrative remedies regardless of the adequacy of the administrative procedures to satisfy the

26   inmate's claim.).  Even when the prisoner seeks relief not available in grievance proceedings,

notably money damages, exhaustion is a prerequisite to suit.  Id. at 741.  A prisoner "seeking

only money damages must complete a prison administrative process that could provide some sort

of relief on the complaint stated, but no money."  Id. at 734.  The fact that the administrative

procedure cannot result in the particular form of relief requested by the prisoner does not excuse

exhaustion because some sort of relief or responsive action may result from the grievance.  See

Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement

include allowing prison to take responsive action, filtering out frivolous cases, and creating

administrative records).

       As noted above, the PLRA requires proper exhaustion of administrative remedies.

Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  "Proper exhaustion demands compliance with an

agency's deadlines and other critical procedural rules because no adjudicative system can

function effectively without imposing some orderly structure on the course of its proceedings."

Id. at 90-91.  Thus, compliance with prison grievance procedures is required by the PLRA to

properly exhaust.  Id.  The PLRA's exhaustion requirement cannot be satisfied "by filing an

untimely or otherwise procedurally defective administrative grievance or appeal."  Id. at 83-84.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by

defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).

Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

       In the April 15, 2013 filing, plaintiff concedes that he did not exhaust his

administrative remedies prior to filing the instant action.  As set forth above, plaintiff is required

to exhaust those remedies before filing in federal court.  Rhodes, 621 F.3d at 1005; McKinney,

311 F.3d at 1198.  Moreover, the court is unable to postpone or delay a case where no operative

complaint is on file.  Rule 3 of the Federal Rules of Civil Procedure requires the filing of a

complaint to commence an action.  Id.  To date, all plaintiff has filed is a letter or a government

tort claim.  (Dkt. Nos. 1, 13.)

////

1    Finally, plaintiff is advised that the court is not responsible for the processing or

2  forwarding of government tort claim forms.

3    Within thirty days from the date of this order, plaintiff shall show cause, if any he

4  may have, why this action should not be dismissed based on plaintiff's failure to first exhaust

5  administrative remedies.  The dismissal would be without prejudice so that plaintiff may file his

6  complaint once he has exhausted his administrative remedies.

7    Accordingly, IT IS HEREBY ORDERED that:

8    1.  Plaintiff's April 15, 2013 request for extension is denied (dkt. no. 13); and

9    2.  Within thirty days, plaintiff shall show cause, if any he may have, why this

10  action should not be dismissed without prejudice.  Failure to show cause or to respond will result

11  in a recommendation that this action be dismissed.

12  DATED:   May 2, 2013

13

14

15  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

16  leiv0309.osc

17

18

19

20

21

22

23

24

25

26

4