IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIER LEIVA,

      Plaintiff,                    No. 2:13-cv-0309 KJN P

      vs.

VALLEJO POLICE DEPARTMENT,

      Defendants.            <u>ORDER TO SHOW CAUSE</u>

_____/

      Plaintiff is presently housed at the Solano County Jail. By order filed April 11, 2013, plaintiff was granted 21 days in which to file an amended civil rights complaint. On April 15, 2013, plaintiff again filed a Government Tort Claim Form. (Dkt. No. 13.) Plaintiff stated that he previously sent the tort claim form to the Vallejo Police department, but that another prisoner told him he should serve the tort claim to the court and the court would file the tort claim for plaintiff. (Dkt. No. 13 at 3.) Plaintiff then stated that the instructions for the tort claim informed plaintiff that he must wait up to 45 days for the agency to reject or settle the claim before plaintiff could file a complaint, and thus asked to postpone the deadlines set in this action. (Dkt. No. 13 at 4.) An attorney who assisted plaintiff with completing the complaint form and other documents required in this action asked plaintiff whether he had exhausted his administrative remedies, and plaintiff told him no, that plaintiff did not know "what they were."

1

(Dkt. No. 13 at 4.) Plaintiff requested that the court grant plaintiff an opportunity to file a tort claim with the Vallejo Police department, and to receive their reply, and thus postpone the prior deadlines set by the court. (Dkt No. 13 at 6.)

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. A prisoner is required to exhaust administrative remedies for claims contained within a complaint before the complaint is filed. Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010). Compliance with this requirement is not achieved by satisfying the exhaustion requirement during the course of an action. See McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002) (district court required to dismiss action without prejudice where plaintiff was in process of exhausting administrative remedies when motion to dismiss filed). However, new claims based on conduct which occurs after the filing of an original complaint may be raised in an amended pleading if the administrative exhaustion requirement is satisfied prior to the time the amended pleading is filed. See Rhodes, 621 F.3d at 1004-05 (PLRA exhaustion is satisfied if prisoner properly exhausted administrative remedies as to newly-raised claims before amended complaint tendered to federal court).

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Porter, 534 U.S. at 524; Booth v. Churner, 532 U.S. 731, 740 n.5 (2001) (Congress mandated the exhaustion of administrative remedies regardless of the adequacy of the administrative procedures to satisfy the inmate's claim.). Even when the prisoner seeks relief not available in grievance proceedings,

notably money damages, exhaustion is a prerequisite to suit. Id. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 734. The fact that the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

As noted above, the PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 83-84. Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

In the April 15, 2013 filing, plaintiff concedes that he did not exhaust his administrative remedies prior to filing the instant action. As set forth above, plaintiff is required to exhaust those remedies before filing in federal court. Rhodes, 621 F.3d at 1005; McKinney, 311 F.3d at 1198. Moreover, the court is unable to postpone or delay a case where no operative complaint is on file. Rule 3 of the Federal Rules of Civil Procedure requires the filing of a complaint to commence an action. Id. To date, all plaintiff has filed is a letter or a government tort claim. (Dkt. Nos. 1, 13.)

////

Finally, plaintiff is advised that the court is not responsible for the processing or forwarding of government tort claim forms.

Within thirty days from the date of this order, plaintiff shall show cause, if any he may have, why this action should not be dismissed based on plaintiff's failure to first exhaust administrative remedies. The dismissal would be without prejudice so that plaintiff may file his complaint once he has exhausted his administrative remedies.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 15, 2013 request for extension is denied (dkt. no. 13); and

2. Within thirty days, plaintiff shall show cause, if any he may have, why this action should not be dismissed without prejudice. Failure to show cause or to respond will result in a recommendation that this action be dismissed.

DATED: May 2, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

leiv0309.osc